IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMDEN BARLOW, et al., | : | |
|     Plaintiffs | : | |
| | : | No. 1:18-cv-00716 |
|     v. | : | |
| | : | (Judge Rambo) |
| WARDEN DAVID J. EBBERT, | : | |
| et al., | : | |
|     Defendants | : | |

## MEMORANDUM

**I.  BACKGROUND**

On April 3, 2018, the Court received and docketed a complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), ostensibly by ten inmates currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg").[1] (Doc. No. 1.) Plaintiffs provide that Plaintiff Railey "acts as the 'agent' and/or 'voice' of the group of Plaintiffs." (Id. at 8-9.) Named as Defendants are David J. Ebbert, the Warden at USP-Lewisburg, Officer Buebendorf, Special Institutional Security at USP-Lewisburg, and Officer Tharp, acting counselor for B-block at USP-Lewisburg. (Id. at 9.) Plaintiffs allege that they are housed in the Special

---

[1] The ten inmate-Plaintiffs set forth in the complaint are: 1) Camden Barlow; 2) Christopher Alvarez; 3) Justin Haynes; 4) Darryl Taylor; 5) Tabarus Holland; 6) Terrell Wilson; 7) Tony C. Knott; 8) Agustin Argueta; 9) Douglass Piggee; and 10) Nathan A. Railey. (Doc. No. 1 at 8-9.)

1

Management Unit ("SMU"), and participate in a Secured Mental Health Step Down Program designed for inmates with disciplinary infraction issues. (Id. at 9.)

Plaintiffs claim that they are being discriminated against in violation of the Equal Protection Clause because they receive enhanced restrictions on their incoming and outgoing mail by virtue of their placement in the SMU. (Id. at 12.) Plaintiffs also allege a violation of their Fifth Amendment due process rights related to these enhanced mail restrictions, as well as violations of their First Amendment rights because they are unable to properly utilize the administrative grievance remedy procedure at USP-Lewisburg. (Id. at 13.) Concurrent with the filing of the complaint, Plaintiffs also filed a motion for a temporary restraining order ("TRO"), and preliminary injunction (Doc. No. 2), and motion to proceed as a "class action" pursuant to Federal Rule of Civil Procedure 23 (Doc. No. 3).

On April 23, 2018, a motion to amend the complaint was filed, requesting leave to add three additional Plaintiff's to the complaint: Doreteo Garcia, Juan Carlos Valles, and David Jackson. (Doc. No. 14.) On June 14, 2018, the Court issued an Order, granting Plaintiffs' April 23, 2018 motion insofar as it added the three aforementioned Plaintiffs to this action. (Doc. No. 28.) The Court dismissed without prejudice Plaintiff's Haynes, Argueta, and Piggee from this action for their failure to comply with the Court's April 18, 2018, 30 Day Administrative Order. (Id.) Finally, the Court ordered that all remaining applications for leave to proceed

in forma pauperis must be filed on or before July 14, 2018, otherwise, failure to do so would result in that particular Plaintiff being dismissed from this action without prejudice. (Id.) On June 20, 2018, Plaintiff David Jackson filed a motion to withdraw from this action. (Doc. No. 30.) The Court will grant David Jackson's motion to withdraw from this action and he will be dismissed.

To date, the following Plaintiffs have filed motions for leave to proceed in forma pauperis: (1) Camden Barlow (Doc. Nos. 9, 10); (2) Terrell Wilson (Doc. Nos. 19, 20); (3) Christopher Alvarez (Doc. Nos. 21, 22); (4) Nathan A. Railey (Doc. Nos. 23, 24); (5) Juan C. Valles (Doc. Nos. 33, 34); and (6) Doreteo Garcia (Doc. Nos. 36, 37). Accordingly, the Court will grant these Plaintiffs' motions to proceed in forma pauperis, and the aforementioned six Plaintiffs are the remaining Plaintiffs in this action. However, the following Plaintiffs have failed to file a motion for leave to proceed in forma pauperis and will be dismissed from this action without prejudice: (1) Darryl Taylor; (2) Tabarus Holland; and (3) Tony C. Knott. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform its mandatory screening of the complaint prior to service.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If

a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding <u>in forma pauperis</u> and prisoners challenging prison conditions. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See, e.g.</u>, <u>Smithson v. Koons</u>, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); <u>Mitchell v. Dodrill</u>, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when

dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a

complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be

6

held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

Prior to performing screening of the complaint, the Court will first address Plaintiffs' motion to proceed as a "class action". (Doc. No. 3.)

### A. Class Certification

Plaintiffs move for class certification and claim that Plaintiff Railey seeks to act as "agent/representative" to pursue claims on behalf of the fellow inmate-Plaintiffs. (Doc. No. 3.) However, a pro se litigant lacks the capacity to represent the interest of his fellow inmates in a class action. Scott v. Derose, No. 4:cv-15-2379, 2016 WL 4440309, at *2 (M.D. Pa. Aug. 23, 2016); Cahn v. United States, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) (non-attorneys cannot litigate the rights of others); Osei-Afriye v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). It is plain error to permit a pro se inmate litigant to represent fellow inmates. Whalen v. Wiley, Civ. No. 06-809, 2007 WL 433340, at *2 (D. Col. Feb. 1, 2007). However, a pro se litigant seeking class certification may "continue individually to pursue his claims." Id. To do so, the pro se litigant "must allege a personal loss and seek to

7

vindicate a deprivation of his own constitutional rights." Id.; see also Nilsson v. Coughlin, 670 F. Supp. 1186, 1190 (S.D.N.Y. 1987).

Accordingly, in accordance with the above law, Plaintiffs' motion to pursue this action as a class action whereby Plaintiff Railey seeks to act as "agent/representative" to pursue claims on behalf of the fellow inmate-Plaintiffs (Doc. No. 3), will be denied. See Sacaza-Jackson v. Aviles, Civ. No. 06-4492, 2007 WL 38905, at *3 (D.N.J. Jan. 4, 2007). To the extent that Plaintiffs wish to continue in this action, they must do so individually in pursuing their claims.

### B. Plaintiffs' Claims

Plaintiffs claim that as a result of being placed in the SMU, they are subject to conditions and restrictions to their mail that is more harsh than inmates in other units at USP-Lewisburg in violation of the principle of equal protection. (Doc. No. 1.) Plaintiffs also claim that these harsh mail restrictions have been placed on all inmates in the SMU without due process, in violation of the Fifth Amendment. (Id.) Plaintiffs also allege that there has been an inability to utilize the administrative grievance procedure in violation of their First Amendment right as well as a denial of access to the courts. (Id.)

### i. Equal Protection Claim

The Due Process clause of the Fifth Amendment contains an equal protection component that prohibits invidious discrimination between individuals or groups. Washington v. Davis, 426 U.S. 229, 239 (1976). Equal protection "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" Artway v. Attorney Gen., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburn v. Cleburn Living Ctr., 473 U.S. 432, 439 (1985)). In order to establish a viable equal protection claim, a plaintiff must show an intentional or purposeful discrimination. Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985).

Here, Plaintiffs claim that the enhanced mail restrictions they face in the SMU violate equal protection because inmates in the SMU are subject to greater restrictions than other inmates in different housing units/blocks at USP-Lewisburg. However, Plaintiffs do not allege that they are or have been treated differently than other inmates housed in the SMU. Plaintiffs have not alleged facts from which it can plausibly be inferred that they, or other inmates in the SMU, are similarly situated to inmates in other units/blocks at USP-Lewisburg. Consequently, the Court finds that Plaintiffs fail to state an equal protection claim upon which relief

may be granted and this claim will be dismissed with prejudice.[2] See Harrison v. Bledsoe, No. 1:09-cv-01600, 2010 WL 186804, at * 7 (M.D. Pa. Jan. 13, 2010) (dismissing plaintiff's complaint because plaintiff, housed in the SMU, failed to allege that he was treated differently than other inmates housed in the SMU, and had not alleged facts that he is similarly situated to inmates in other units in the Bureau of Prisons).

### ii. First Amendment Access to the Courts Claim

With respect to Plaintiffs' claims related to Defendants' failure to provide them with grievance forms or otherwise failing to address their grievances, this claim necessarily fails. Although the Court recognizes that prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, Robinson v. Taylor, 204 F. App'x 155, 156-57 (3d Cir. 2006), this right is not compromised by the failure of prison officials to address these grievances, Booth V. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. See Jones v. N. C. Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977) (providing that the law is well settled that there is no constitutional right to a grievance procedure); Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (providing that the

---

[2] This claim is dismissed with prejudice and without further leave to amend because the Court finds that any amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Simmons v. Szelewski, 642 F. App'x 95, 98 (3d Cir. 2016)

failure of prison officials to process administrative grievances did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer upon prison inmate any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-19 (D. Del. 1995); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert denied, 488 U.S. 898 (1988); Alexander v. Gennarini, 144 F.App'x 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for liability.) Based on this well-settled law, Plaintiffs' claim that they were unable to utilize the grievance procedure fails to state a claim upon which relief may be granted and this claim will be dismissed with prejudice.[3]

To the extent Plaintiffs allege a First Amendment denial of the right of access to the courts, the Court finds that Plaintiffs have failed to state a claim upon which relief may be granted. In order to sustain such a claim, an inmate must allege an "actual injury" to his litigation efforts. Lewis v. Casey, 518 U.S. 343, 349 (1996). To establish an actual injury, an inmate must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. Id.; see also O'Connell v. Williams, 241 F. App'x 55, 57 (3d Cir. 2007). "[A]n inmate cannot establish a relevant actual injury simply by establishing that his prison's law library or legal assistance . . . is subpar in some theoretical sense." Lewis, 518 U.S. at 351; Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008) (observing that a

---

[3] See footnote 2, supra.

"claim rest[ing] solely on the ground that the defendants confiscated . . . legal materials" is insufficient on its face to state a denial of access to courts claim). Rather, to establish a right of access to the courts claim, a plaintiff must plead that he lost an opportunity to file a case in court and that he could not subsequently file that case after the interference with the right of access to the court ceased. Christopher v. Harbury, 536 U.S. 403, 415 (2002).

In the instant case, Plaintiffs do not state a claim upon which relief may be granted because they have not alleged an actual injury to their litigation efforts that has resulted in being shut out of court. Plaintiffs do not allege that they lost an opportunity to file a case in court, or that they could not subsequently file a case after the alleged interference with their right of access to the courts ceased. Moreover, this lack of an actual injury is apparent in the fact that Plaintiffs have filed the instant action in federal court. Accordingly, this claim will be dismissed with prejudice for failure to state a claim upon which relief may be granted.[4] See Boanes v. Matter, No. 1:11-cv-0158, 2011 WL 332428, at *3 (M.D. Pa. Jan. 31, 2011).

### iii. First Amendment Enhanced Mail Restriction Claim

The Court construes Plaintiffs' final claim as it relates to the enhanced mail restrictions set forth in the Bureau of Prison's Program Statement 5265.14, and

---

[4] See footnote 2, supra.

more specifically, the "Notice of Enhanced Restrictions on Incoming General Correspondence", attached to Plaintiffs' complaint (Doc. No. 1, Ex. A at 20), as a First Amendment claim. (Doc. No. 1 at 13.) Prisoners enjoy a First Amendment right to send and receive mail and associate with others. See Procunier v. Martinez, 416 U.S. 396, 408-09 (1974), overruled in part on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119 (1977). An inmate's exercise of constitutional rights is necessarily limited, however, "both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security." Pell v. Procunier, 417 U.S. 817, 822-23 (1974); see also, Jones, 433 U.S. at 129. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987).

The Turner court reviewed four factors that are relevant in determining the reasonableness of a challenged prison regulation: (1) "there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact that accommodation of the asserted constitutional right will have on guards and other

13

inmates, and on the allocation of prison resources generally; and (4) whether there are "ready alternatives" available "that fully accommodate the prisoner's right at de minimis cost to valid penological interests." Turner, 482 U.S. 89-91; O'Lone, 482 U.S. at 350-52.

The Court concludes that because the review and balancing of the Turner factors requires evidence that is not yet before the Court, it is unable to perform an appropriate review and make the relevant determination as to the reasonableness of the challenged prison regulation, and to do so at this preliminary screening stage would be premature. As such, Plaintiffs' First Amendment Claim related to the enhanced mail restriction policy survives screening.

### C. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiffs have also filed a motion for preliminary injunction and TRO to have Defendants cease their interference with Plaintiffs' access to the courts and rescission of the "enhanced mail restrictions." (Doc. No. 2.) While the Court has determined that Plaintiffs have failed to state a claim upon which relief may be granted relevant their access to the courts claim, the Court has found that Plaintiffs' First Amendment enhanced mail restriction claim survives screening. Accordingly, the Court will direct Defendants to file a brief in opposition to Plaintiffs' preliminary injunction. The Court, however, will deny Plaintiffs' motion for a temporary restraining order for the following reasons.

14

For temporary injunctive relief under Federal Rule of Civil Procedure 65(b), the moving party must satisfy the same criteria as that required to obtain a preliminary injunction. See Bieros v. Police Chief Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Thus, a plaintiff must show: (1) a reasonable probability of success on the merits; (2) irreparable injury if injunctive relief is denied; (3) the harm to it absent injunctive relief outweighs any possible harm to other interested parties created by injunctive relief; and (4) injunctive relief would be in the public interest. See Saudi Basic Indus. Corp. v. Exxon Corp., 364 F.3d 106, 112 n.6 (3d Cir. 2004); BP Chemicals. Ltd. v. Formosa Chemical & Fibre Corp., 228 F.3d 254, 263 (3d Cir. 2000).

On the basis of the complaint and other filings with the Court to date, the Court cannot say that "immediate and irreparable injury, loss, or damages will result to the applicant[s] before the adverse party or party's attorney can be heard in opposition" Fed. R. Civ. P. 65(b). Indeed, Plaintiffs recent filing with the Court on April 23, 2018 indicates that since the institution of this action, steps have been taken by Defendants to remedy some of Plaintiffs' concerns. (Doc. No. 14 at 2.) Moreover, any injury as a result of the enhanced mail restriction at issue here is reparable, as the alleged policy provides that photographs are stored in inmate's personal property and inmates receive photocopies of their incoming general

correspondence. (Doc. No. 1, Ex. A at 20.) Thus, the Court will deny Plaintiffs' motion for a TRO.

However, as set forth above, the Court cannot say at this stage whether the remaining First Amendment enhanced mail restriction claim is frivolous, see 28 U.S.C. § 1915A, and therefore, the Court will direct service of Plaintiffs' complaint and memorandum (Doc. Nos. 1 and 4) on Defendants, and further direct Defendants to file a brief in opposition to Plaintiff's motion for a preliminary injunction (Doc. No. 2).

## IV. CONCLUSION

In accordance with the foregoing, Plaintiffs Camden Barlow, Terrell Wilson, Christopher Alvarez, Nathan A. Raiely, Juan C. Valles, and Doreteo Garcia's motions to proceed in forma pauperis (Doc. Nos. 9, 19, 21, 23, 33, and 36), will be granted and the complaint will be dismissed in part for failure to state a claim upon which relief may be granted. The remaining claim in this action is Plaintiffs' First Amendment enhanced mail restriction claim. Plaintiffs' motion to proceed as a "class action" (Doc. No. 3), will be denied. Plaintiff David Jackson's motion to withdraw (Doc. No. 30), will be granted and he will be dismissed from this action. Plaintiffs Darryl Taylor, Tabarus Holland, and Tony C. Knott will be dismissed as Plaintiffs from this action without prejudice for their failure to comply with the Court's April 18, 2018, 30 Day Administrative Order (Doc. No. 13). Further, the

Court will direct service of the complaint and memorandum (Doc. Nos. 1 and 4), on Defendants and direct Defendants to file a brief in opposition to Plaintiffs' motion for preliminary injunction (Doc. No. 2). An appropriate order follows.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: July 24, 2018