# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN RAILEY, | : | Civil No. 1:18-CV-716 |
| Plaintiff, | : | |
| v. | : | (Judge Rambo) |
| WARDEN DAVID EBBERT, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff is a federal prisoner who is proceeding *pro se*. This case, which was initially jointly bought by a host of inmates, has now been severed into separate lawsuits, and for the plaintiff this action has created some procedural confusion. Presently, Railey does not have a single, comprehensive complaint docketed with the court. Instead, Railey has filed a motion for injunctive relief, (Doc. 109), a motion to amend his complaint, (Doc. 112) and a motion to supplement his complaint, (Doc. 113), each of which raises separate issues and concerns. Railey has also filed a motion to preserve evidence, (Doc. 86) although it is difficult for the defendants to understand what evidence needs to be preserved until Railey files a single, coherent statement of his claims.

1

In order to add some clarity and coherence to this litigation, with respect to Railey's motion for injunctive relief, (Doc. 109), motion to amend his complaint, (Doc. 112) and motion to supplement his complaint, (Doc. 113) IT IS ORDERED that these motions are GRANTED, in part, in that IT IS ORDERED that on or before **March 6, 2019**, the plaintiff shall file a single consolidated complaint in this case encompassing all of his claims for injunctive relief and damages. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading

which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that the plaintiff's motion for preservation of evidence (Doc. 86) is DENIED without prejudice to renewal once the plaintiff files the single comprehensive complaint called for by this order.

SO ORDERED, this 6th day of February 2019.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge